Mary C. McAfee v. Commissioner. W. Gerard McAfee v. Commissioner.
McAfee v. Commissioner
Docket Nos. 3806-64, 3936-64.
United States Tax Court
T.C. Memo 1966-207; 1966 Tax Ct. Memo LEXIS 78; 25 T.C.M. (CCH) 1061; T.C.M. (RIA) 66207; September 23, 1966
*78 Peter S. Solito, for petitioner in Docket No. 3806-64. W. Gerard McAfee, pro se, 5813 Gheena St., Houston, Tex., in Docket No. 3936-64. Thomas S. Loop, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined the following deficiencies in income tax: Year
Dkt. No.
Petitioner
Deficiency
1961
3806-64
Mary C. McAfee
$634.15
1961
3936-64
W. Gerard McAfee
696.14
The only issue is whether Mary C. McAfee or W. Gerard McAfee, her former husband, contributed more than one-half of the total support in 1961 for the four minor children who were the issue of the former marriage. Findings of Fact Some of the facts were stipulated and they are so found. Mary C. McAfee and W. Gerard McAfee are both residents of Houston, Texas, and they both filed their individual income tax returns for 1961 with the district director of internal revenue, Austin, Texas. On October 13, 1960, Mary obtained a divorce from W. Gerard McAfee and she was granted custody of their four minor children, the oldest of whom was born in August 1952. The judgment of divorce "impounded" the homestead of the parties for the *79 use and benefit of Mary and the four minor children. The court ordered W. Gerard McAfee to make child support payments of $250 each month to Mary. Mary was employed full-time during 1961, and she received financial help during the year from members of her family. She had savings of seven or eight hundred dollars as of the end of 1960. In her 1961 individual income tax return she reported a salary of $5,648 from the Shell Oil Company in Houston, Texas. It is stipulated that during 1961 she received a total of $2,995 from the former husband for child support. Both Mary and W. Gerard McAfee claimed dependency exemptions for the four minor children in their individual income tax returns for 1961. Respondent, in his statutory notices of deficiency, disallowed the $2,400 dependency exemption claimed by both petitioners. In addition, respondent disallowed a deduction of $600 for child care claimed by Mary in 1961 on the ground that the children were not her dependents within the meaning of the Internal Revenue Code of 1954. [1] W. Gerard McAfee is in the real estate business but he holds a license to practice law and he tried his own case. On brief, the respondent now takes the position *80 that, as between the two petitioners, Mary furnished over one-half of the support of the four minor children during 1961. Opinion To establish the amount of the total support for the four minor children in 1961, Mary introduced into evidence an exhibit containing hundreds of canceled checks, receipts, bills and invoices. A detailed schedule showing *81 support items expended for the children, based in large part on the canceled checks and other relevant documents and to some extent on estimates, indicates that the total amounts spent by Mary in 1961 for the support of the four minors, Mary Ellen, Michael, William and John, were in the respective amounts of $2,084.94, $2,149.94, $1,971.19 and $1,977.19, or a total of $8,183.26. She testified as to the various categories of support expenditures and indicated those items, i.e., board and lodging, food and milk, and hospitalization, where only a portion of the total expenditures was allocated to the four minor children. Her salary and child support payments received in 1961 totaled $8,643. She had savings of seven or eight hundred dollars which she said she used up in 1961 and in addition she said her family helped her with cash gifts in 1961. She could not estimate her family's contribution but said it was "considerable." We believe that the items of support as summarized in Mary's schedule, including those items which are based in whole or in part on estimates, are fair and reasonable and we find that, based upon all the evidence, that Mary expended a total of at least $7,500 in *82 1961 for the support of her four minor children, and probably more. It is stipulated that W. Gerard McAfee paid at least $2,995 to Mary in 1961 for child support. The divorce decree provided that the children could be with him two Sundays each month, and a few hours on their birthdays and other prescribed days, but it appears that he saw his children during 1961 more frequently than that. He kept detailed records of his expenditures during the year and he introduced a schedule into evidence showing the total payments, either by check or by cash, made for the support of his children. This schedule indicates that, including the $250 paid by W. Gerard McAfee to Mary each month under the divorce decree, he incurred expenses in 1961 for Mary Ellen, Michael, William and John in the respective amounts of $944.38, $937.85, $913.46 and $917.33, or a total amount of $3,713.02. Respondent does not dispute the correctness of this figure, and we perceive no reason to doubt its accuracy. However, since we have found earlier that the total support of the four minor children supplied during 1961 was at least $7,500, it is apparent that, even accepting W. Gerard McAfee's claimed support expenditures *83 in full, he had not met his burden of showing he supplied over one-half of the total support of the children and therefore is not entitled to the dependency exemptions under section 151 of the 1954 I.R.C.
We find, on the basis of all the evidence, that Mary C. McAfee supplied over one-half of the total support of her four minor children in 1961, and, we hold that she is entitled to the dependency exemptions for the four children in 1961 under section 151 of the 1954 I.R.C. We also hold that Mary C. McAfee is entitled to the child care deduction of $600 in 1961 under section 214 of the 1954 I.R.C.
Decision will be entered for the petitioner in Docket No. 3806-64. Decision will be entered for the respondent in Docket No. 3936-64. Footnotes
1. Under section 214 of the 1954 I.R.C. a deduction (limited to $600) is allowed to certain taxpayers for expenses incurred for the care of a dependent, who is defined in section 152 of the 1954 I.R.C. as including a child of the taxpayer over half of whose support was received in that taxable year from the taxpayer. The dependency exemption under section 151 (e)(1) of the 1954 I.R.C. also is limited by the definition of a dependent under section 152 of the 1954 I.R.C.↩ Consequently, the only question that remains to be decided is whether Mary or her former husband supplied more than one-half of the support of the four minor children during 1961.